IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| vs. | Case No. 16-CR-118-JHP |
| CHRISTOPHER COLMAN CHAMBERS, | |
| Defendant. | |

## REPORT AND RECOMMENDATION

Defendant's Motion to Suppress Evidence, [Dkt. 15], has been referred to the undersigned United States Magistrate Judge for Report and Recommendation. The matter has been briefed, [Dkt. 15, 18], and an evidentiary hearing was held.

A search warrant was issued to search an address as a result of an investigation of Kevin Chambers and Charity Drozd who were believed to be engaged in the distribution of methamphetamine. Christopher Chambers was not a suspect in that investigation. A search of Christopher Chambers' residence was conducted pursuant to the search warrant. Firearms, ammunition, marijuana, methamphetamine, and drug paraphernalia were recovered in the search and Christopher Chambers was arrested.[1]

Christopher Chambers seeks to suppress the evidence recovered from his residence in the search contending that the affidavit supporting the issuance of the search warrant failed to establish probable cause. Christopher Chambers asserts that the affidavit did not contain facts to tie the address to be searched with suspected criminal activity.

The affidavit in support of the warrant established probable cause to believe that Kevin Chambers and Charity Drozd were involved in the distribution of methamphetamine.

---

[1] The parties agree Christopher Chambers has standing to challenge the warrant.

The affidavit also established probable cause to believe that methamphetamine and other evidence of a crime would be found at their residence.  The affidavit does not, however, contain any facts explaining how the particular address to be searched was linked to Kevin Chambers and Charity Drozd.  The affidavit identifies the residence to be searched, as follows:

> <u>Residence Identified</u>
> [The informant] was able to give directions to the residence he knew Kevin and Charity to live.  Investigators were able to confirm the address to belong to Kevin's brother Christopher Chambers from previous encounters with law enforcement.  The address is known as .

[Dkt. 15-1, p. 9].  The foregoing does not tie the address contained in the search warrant, or any particular address, to Kevin Chambers or Charity Drozd or to any suspected criminal activity.  Nor does the affidavit specify where Kevin Chambers and Charity Drozd reside.  Since there is nothing within the affidavit connecting the address contained in the warrant to Kevin Chambers or Charity Drozd or any suspected criminal activity, the undersigned finds that the warrant is not supported by probable cause to believe that evidence of a crime would be found at the particular address specified in the warrant.

In *United States v. Leon*, 468 U.S. 897, 922-23, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984), the Supreme Court held that a court need not suppress evidence seized pursuant to a facially valid warrant that later turns out to lack probable cause as long as police were acting in good-faith reliance on the warrant.  There are four situations in which the *Leon* good faith exception is not available,[2] only one situation is at issue in this case.  The

---

[2] Evidence should be suppressed if the issuing magistrate was mislead by an affidavit containing false information; when the magistrate wholly abandons the judicial role; when the affidavit in support of the
(continued...)

question presented in this case is whether the affidavit is so lacking in indicia of probable cause that official belief that probable cause exists is unreasonable. The standard to be employed is an objective one which asks "whether a reasonably well trained officer would have known that the search was illegal despite the magistrate's authorization." *United States v. Gonzales*, 399 F.3d 1225, 1230 (10th Cir. 2005)(quoting *Leon*, 468 U.S. at 922 n.23). Under this standard, when the underlying affidavit is devoid of factual support, the good faith exception is not available. *See Gonzales*, 399 F.3d at 1230.

The government argues that the connection between the suspected criminal activity and Christopher Chambers' residence can be inferred from other information contained in the affidavit. A number of inferences may be permissible in assessing the question of probable cause. For instance, from the information provided in the affidavit that Kevin Chambers and Charity Drozd just "reupped", got home late, and had just woken up and headed to the controlled buy from their residence, it may be inferred that methamphetamine would be found at their residence. However, there is nothing in the affidavit that says where Kevin Chambers and Charity Drozd reside or that the particular address in the warrant is connected with suspected criminal activity. In *United States v Gonzales,* the Tenth Circuit clearly stated that for the good faith exception to apply, "there must be *some* factual basis connecting the place to be searched to the defendant or suspected criminal activity." 399 F.3d at 1231. (emphasis in original). The Court ruled that when that factual connection is wholly absent, the affidavit and resulting warrant are "so

---

²(...continued)
warrant is so lacking in indicia of probable cause as to render official belief in its existence unreasonable; and when the warrant is so facially defective that the executing officer could not reasonable believe it was valid. *See United States v. Danhouer*, 229 F.3d 1002, 1007 (10th Cir. 2000).

lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable." *Id.* (quoting *Leon*, 468 U.S. at 923).  Under such circumstances exclusion is appropriate.

The affidavit in this case does not contain a factual connection between the residence to be searched and Kevin Chambers or Charity Drozd or the suspected criminal activity.  As in *Gonzales* when that factual connection is wholly absent, the affidavit and resulting warrant are so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable and the good faith exception does not apply.  Therefore the evidence obtained in the search should be excluded.

The undersigned United States Magistrate Judge RECOMMENDS that Defendant's Motion to Suppress Evidence, [Dkt. 15], be GRANTED.

In accordance with 28 U.S.C. §636(b) and Fed. R. Crim. P. 59(b)(2), a party may file specific written objections to this report and recommendation.  Such specific written objections must be filed with the Clerk of the District Court for the Northern District of Oklahoma on or before December 6, 2016.

If specific written objections are timely filed, Fed.R.Crim.P. 59(b)(3) directs the district judge to:

> consider de novo any objection to the magistrate judge's recommendation.  The district judge may accept, reject, or modify the recommendation, receive further evidence, or resubmit the matter to the magistrate judge with instructions.

See also 28 U.S.C. § 636(b)(1).

The Tenth Circuit has adopted a "firm waiver rule" which "provides that the failure to make timely objections to the magistrate's findings or recommendations waives appellate

4

review of factual and legal questions." *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1059 (10th Cir. 1996) (quoting *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991)).  Only a timely specific objection will preserve an issue for de novo review by the district court or for appellate review.

DATED this 22nd day of November, 2016.

*Frank H. McCarthy*
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE